UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DAR KING,<br><br>                    Plaintiff,<br><br>-against-<br><br>U.S. CUSTOMS AND BORDER PROTECTION OFFICER AARON THOMAS, and OFFICERS JOHN AND JANE DOE,<br><br>                    Defendants.[1] | **MEMORANDUM AND ORDER**<br>Case No. 1:23-CV-9609 |

*Appearances:*
*For the Plaintiff*:
TAMARA M. HARRIS
Law Office of Tamara M. Harris
111 Broadway, Suite 706
New York, NY 10006

*For the Defendant U.S. Customs and Border Protection Officer Aaron Thomas:*
GEOFFREY M. STANNARD
DOJ-USAO
271A Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff John Dar King ("Plaintiff" or "King") brings this civil rights action against Defendants U.S. Customs and Border Protection Officer ("CBPO") Aaron Thomas ("Thomas") and CBPOs John and Jane Doe (collectively "Defendants"), asserting violations of his rights under the Fourth and Fourteenth Amendments pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

---

[1] The clerk is respectfully directed to amend the caption to reflect the correct name of the agency as stated above.

1

U.S. 388 (1971). Defendant Thomas moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, his motion is GRANTED, and the complaint is dismissed in its entirety.

## I.  Background

On a Rule 12(b)(6) motion, the Court assumes the complaint's factual allegations, but not legal conclusions, to be true. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

In July 2023, Plaintiff King arrived at John F. Kennedy Airport ("JFK") on an international flight from the Dominican Republic with six boxes of lotion that he obtained permission to take onboard. King, a Haitian-born U.S. citizen, wore Jewish religious garb. Upon arrival, CBPO Thomas confronted King and asserted that he had stolen luggage off the plane. Thomas and two unnamed CBPOs then detained King for four hours and confiscated his luggage, which was returned to him nine days later. King alleges that the CBPOs targeted him because of racial, ethnic, and religious animus.

## II.  Standard of review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, or a "formulaic recitation of the elements of a cause of action." *Id*.

### III.  Discussion

Plaintiff's proposed *Bivens* claims invoke rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. At the threshold, claims asserting rights under the Fourteenth Amendment "cannot be brought against federal officials not acting under state law." *Marshall-Screen v. I.R.S.*, No. 01-CV-0811, 2002 WL 264999, at *3 (E.D.N.Y. Feb. 26, 2002) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973)). "Because defendants are all federal officials, and the plaintiff does not allege that the alleged deprivations were accomplished under color of state law, the Fourteenth Amendment is [] inapplicable." *Id.* (quoting *Marshall v. Reno*, 915 F. Supp. 426, 428 (D.D.C. 1996)). Thus, the Court only discusses Plaintiff's Fourth Amendment *Bivens* action.

"A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their

3

constitutional rights."[2] *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). "The Supreme Court has expressly recognized only three contexts in which a *Bivens* remedy is available: unreasonable search and seizure by federal officials in violation of the Fourth Amendment, *Bivens*, 403 U.S. 388; gender-based employment discrimination by a United States Congressman in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and federal prison officials' deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980)." *Ballard v. Dutton*, No. 23-6416, 2024 WL 4039606, at *1 (2d Cir. Sept. 4, 2024) (summary order) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017)). "Since *Carlson*, however, the Supreme Court has repeatedly declined to extend *Bivens*, warning that 'recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.''" *Id.* (quoting *Egbert v. Boule*, 596 U.S. 482, 491 (2022)).

The Supreme Court has instructed courts to apply a two-part test in deciding whether a proposed *Bivens* claim may proceed. The court first decides "whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action."[3] *Egbert*, 596 U.S. at

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3] "Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer

4

492. If the case falls within a recognized context, then it may proceed. *See id.* at 492–93. But where "a claim arises in a new context, a *Bivens* remedy is unavailable if" the court then recognizes "special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 492.

      First, this case presents a new distinct *Bivens* context. It involves CBPOs—a "new category of defendants." *Ziglar*, 582 U.S. at 135. The CBPOs operated under a unique "statutory or other legal mandate," *id.* at 140, that empowers CBPOs to examine "the baggage of any person arriving in the United States," 19 U.S.C. § 1496. None of the three recognized *Bivens* contexts involve CBPOs searching the baggage of a person arriving in the United States on an international flight. Plaintiff argues, however, that all claims of unlawful searches and seizures under the Fourth Amendment fall within a recognized, actionable *Bivens* context. But that is incorrect because "a claim may arise in a new context even if it is based on the same constitutional provision as" a *Bivens* claim in a recognized context. *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020).

---

should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Ziglar*, 582 U.S. at 139–40.

Second, "special factors not present in prior *Bivens* cases distinguish [Plaintiff's] claim" and caution against extending *Bivens* here. *See Ballard*, 2024 WL 4039606, at *2. "A *Bivens* cause of action may not lie where, as here, national security is at issue" by virtue of "regulating the conduct of agents at the border," like at JFK. *Egbert*, 596 U.S. at 494; *see, e.g.*, *Morales v. United States*, No. 18-CV-4247, 2023 WL 2129580, at *9–10 (E.D.N.Y. Feb. 17, 2023) (granting summary judgment to dismiss Fourth Amendment unreasonable search and seizure *Bivens* claim against CBPOs "arising out of [Plaintiff's] detention at" JFK). Plainly, courts may not authorize *Bivens* actions "against Border Patrol agents generally." *Egbert*, 596 U.S. at 496. This case is no different, and the Court cannot authorize Plaintiff's *Bivens* action against CBPOs for conduct within the scope of their employment that "occurred at JFK, an international border." *See Morales*, 2023 WL 2129580, at *9.

## IV. Conclusion

Accordingly, Defendant Thomas's motion is GRANTED, and Plaintiff's complaint is dismissed in its entirety against all moving and nonmoving defendants.[4]

**SO ORDERED.**

                                                                                            /S/ Frederic Block
                                                                                            FREDERIC BLOCK
                                                                                            Senior United States District Judge

Brooklyn, New York
June 10, 2025

---

[4] Plaintiff asserted the same *Bivens* claims against all Defendants. "Since the rationale for dismissal of" Defendant Thomas "is equally applicable" to the nonmoving unnamed individual defendants, "they are dismissed as well." *Black v. Blackmun*, No. 11-CV-2372, 2011 WL 6019394, at *2 n.3 (E.D.N.Y. Dec. 1, 2011).